EMELIA NEW, ROBERT H. CLOGSTON, *as Trustee of Emelia
New, a Convict,* JOHN STOWELL AND S. P. NOLD,
*Partners doing business under the firm name and style
of Stowell & Nold,* v. J. A. SMITH AND H. M. BROWN.
**No. 13,365.**   (74 Pac. 610.)

Error from Greenwood district court; G. P. AIKMAN,
judge.   Opinion filed December 12, 1903.   Affirmed.

*Robert H. Clogston,* and *John Stowell,* for plaintiffs in
error.

*Redden, McKeever & Gilluly,* for defendants in error.

*Per Curiam:* Plaintiffs' petition contained two causes
of action.   With some stretch of liberality in construction,
we may say that the first states an action in ejectment for
the recovery of certain real estate, in behalf of all the plain-
tiffs.   We have greater difficulty in determining that the
second cause states facts sufficient upon which to base any
claim for relief; but allowing that it does, it would be for
equitable relief to set aside a deed obtained through fraud,
duress, or undue influence.   It contains no allegation what-
ever warranting the giving of any relief to any of the plain-
tiffs except Emelia New.

A demurrer on several grounds was interposed to this
petition.   One ground was that different causes of action
were improperly joined therein.   The court below sustained
the demurrer, and this action is now assigned as error.

We find no warrant in our statutes for the joining of
these causes of action.   Section 83 of the code (Gen. Stat.
1901, § 4517) permits the joinder of legal and equitable
causes of action in several clauses of the same petition,
where such actions arise out of the same transaction or are
connected with the same subject-matter; but the causes of
action so united must affect all the parties to the action,
except in actions to enforce mortgages or other liens.   It
is therefore clear that the interest of Emelia New in the
ejectment, stated in the first cause of action, joined, as it is,
with the interests of all the other plaintiffs, would not war-
rant her in joining with that cause of action a second one,
in equity, to set aside a deed in which she alone is interested.
It may be that the pleader thought he was stating facts
connecting all of the plaintiffs in this second cause of ac-
tion, but a very cursory reading of it will show how far he
failed in doing so.

The demurrer was properly sustained upon the ground here commented upon, by which we do not mean to say, however, that it may not have been properly sustained on several other grounds pleaded.

The judgment will be affirmed.