EMELIA NEW, AND ROBERT H. CLOGSTON, *as Trustee of Emelia New, a Convict*, v. J. A. SMITH *et al.*

No. 14,306. (84 Pac. 1030.)

SYLLABUS BY THE COURT.

1. PARTIES—*Action to Recover Convict's Estate—Trustee.* An action for the recovery of property belonging to a convict under sentence and ·imprisonment for a term less than life can only be maintained by a trustee.

2. ———— *Improper Joinder — Demurrer — Surplusage.* Where such an action is brought in the name of the trustee, and the petition states a cause of action in his behalf, the convict being also named as a party plaintiff, the allegations with reference to the convict's right to join as a plaintiff should be treated on demurrer as mere surplusage.

3. PETITION — *Duplicity — Motion to Separate and Number.* When a petition sets up a cause of action in ejectment and another for rents and profits, a motion separately to state and number the two causes of action should be allowed.

Error from Greenwood district court; GRANVILLE P. AIKMAN, judge. Opinion filed March 10, 1906. Reversed.

*John Stowell,* and *Robert H. Clogston,* for plaintiffs in error.

*Rossington & Smith,* and *Samuel Barnum,* for defendants in error.

The opinion of the court was delivered by

PORTER, J.: This is a proceeding in error from a judgment sustaining a demurrer to a petition in which is also involved a ruling of the court requiring plaintiffs separately to state and number the different causes of action stated in the petition. The motion was allowed to the original petition, and the demurrer sustained to the amended petition. The subject-matter of the controversy in this action has been before the court in *Smith v. Becker,* 62 Kan. 541, 64 Pac. 70, 53 L. R. A. 141, and *New v. Smith,* 68 Kan. 807, 74 Pac. 610. The original petition reads as follows:

"*In the District Court of Greenwood County, Kansas.*
"EMELIA NEW, and ROBERT H. CLOGSTON, *as Trustee of Emelia New, a Convict, Plaintiffs,*
        *v.*
J. A. SMITH and H. M. BROWN, *Defendants.*

"PETITION.

"The plaintiff Emelia New is now and has been a convict in the state penitentiary, at Lansing, Kan., since the 25th day of January, 1898, having been sentenced on the 24th day of January, 1898, by the district court of Greenwood county, Kansas, for her natural life, upon a verdict of being accessory to the murder of her husband, Joseph New, who was shot and instantly killed on the evening of October 31, 1897. That afterward, and on the 7th day of January, 1899, the Honorable J. W. Leedy, then governor of this state, commuted her sentence to forty years, in lieu of 'for her natural life,' and the plaintiff Robert H. Clogston is her duly appointed, qualified and acting trustee of her estate, having been appointed by the probate court of Greenwood county, Kansas, on the 2d day of April, 1901.

"Plaintiffs further aver that they have the legal estate and the equitable estate in and to the following-described real estate, to wit: The west-half of the southeast quarter of section fourteen (14), township twenty-seven (27), range nine (9), also the southwest quarter of section fourteen (14), township twenty-seven (27), range nine (9), the same being 240 acres, situated in Greenwood county, Kansas, and are en-

titled to the immediate possession of the same; and the defendants unlawfully keep plaintiffs out of the possession of the same.

"Plaintiffs further state that the said defendant J. A. Smith has so unlawfully kept plaintiffs out of said possession for the past three years, and collected and used for their [defendants'] own benefit during said time the rents and profits arising from said real estate, amounting to $1200.

"Wherefore, plaintiffs pray judgment for the possession of said premises, and for the sum of $1200 for rents and profits, and for costs and all other proper relief.                                EMELIA NEW,
              By ROBERT H. CLOGSTON, her Trustee.
JOHN STOWELL and ROBERT H. CLOGSTON,
                            *Attorneys for Plaintiffs.*
"ROBERT H. CLOGSTON, *Trustee.*"

The first error complained of is the ruling requiring that the two causes of action be separately stated and numbered. Counsel have argued at some length a question not at all involved, which is, that it is proper to unite in the same action a cause of action for ejectment and one for rents and profits. This is, of course, not denied by any one, but the motion which the court very properly allowed was not directed against the joining of the two causes of action. It was based upon the failure of the pleader separately to state and number them. Section 88 of the code of civil procedure (Gen. Stat. 1901, § 4522) reads as follows: "Where the petition contains more than one cause of action, each shall be separately stated and numbered." It has been held error for the court not to allow a motion of this kind. (*Pierce v. Bicknell,* 11 Kan. 262.)

The amended petition is the same as the original in all respects, except that the cause of action for rents and profits is omitted. The demurrer which the court sustained contains six grounds, stated as follow:

"(1) That the plaintiff Emelia New has no legal capacity to sue.

"(2) That the plaintiff Robert H. Clogston, as trustee of Emelia New, has no legal capacity to sue.

New v. Smith.

"(3) That several causes of action are improperly joined.

"(4) That the amended petition does not state facts sufficient to constitute a cause of action in favor of the plaintiffs and against these defendants.

"(5) That the amended petition does not state facts sufficient to constitute a cause of action in favor of Emelia New and against these defendants.

"(6) That the amended petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff Robert H. Clogston, trustee of Emelia New, a convict, and against these defendants."

It is contended by defendants in error that as all the estate of the convict is vested in her trustee by virtue of sections 5780 and 5781 of the General Statutes of 1901, and as the trustee alone has power to sue, therefore she is without capacity to sue; and, as the trustee can only sue in his own name, he has no capacity to sue jointly with her. It is also urged that the petition sets up two causes of action—one for the convict and one for the trustee. Finally, it is said, under the fourth, fifth and sixth causes of demurrer, that the petition does not state a cause of action in favor of both plaintiffs, nor a cause of action in favor of Mrs. New, nor one in favor of the trustee. We can dispose of all these grounds of demurrer at once. In the General Statutes of 1901 are the following provisions:

"SEC. 2301. A sentence of confinement and hard labor for a term less than life, suspends all civil rights of the person so sentenced during the term thereof, and forfeits all public offices and trusts, authority and power; and a person sentenced to such confinement for life shall thereafter be deemed civilly dead."

"SEC. 5776. Whenever any person shall be imprisoned in the penitentiary for a term of less than his natural life, a trustee to take charge of and manage his estate may be appointed by the probate court of the county in which said convict last resided, or if he have no known place of abode, then by the court of the county in which the conviction was had, on the application of any of his relatives, or any relative of his wife, or any creditor."

12—73 KAN.

"SEC. 5780. Upon taking the oath and filing the bond required by this act, all the estate, property, rights in action and effects of such imprisoned convict shall be vested in such trustee, in trust for the benefit of creditors and others interested therein."

The power of the trustee to maintain an action of this nature is provided for in the following section:

"Such trustee may sue for and recover in his own name any of the estate, property or effects belonging to and all debts and sums of money due or to become due to such imprisoned convict, and may prosecute and defend all actions commenced by or against such convict." (Gen. Stat. 1901, § 5781.)

Under these provisions Mrs. New is the same as civilly dead; she has no capacity to sue or be sued. This is so plain from the statutes that we are disposed to consider all the allegations of the petition by which it is sought to make her a party in any way as mere surplusage, and redundant. The petition therefore is the same as though the words "the plaintiff" in the first line were stricken out, and then there appears a simple recital of the facts in much the same manner as though no attempt had been made to make her a party. This requires rather heroic treatment of the petition, but there can be no question as to the right of the trustee to maintain in his own name the cause of action which he sets up; and there is likewise no possible way in which Mrs. New could be made a party, or set up a cause of action in her own name or jointly with the trustee.

The objection that the amended petition is bad because it is not signed by plaintiff Clogston has no force, for the reason that it is signed by the attorneys for plaintiff, which is all that is necessary under the code. (Code, § 107; Gen. Stat. 1901, § 4541.)

The judgment is reversed, and the cause remanded, with instructions to overrule the demurrer.

All the Justices concurring.