# SUPREME COURT,
## STATE OF KANSAS.

## JULY TERM, 1911.

*PRESENT:*

HON. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. CLARK A. SMITH,
HON. SILAS W. PORTER,  } JUSTICES.
HON. ALFRED W. BENSON,
HON. JUDSON S. WEST,

EMELIA NEW AND ROBERT H. CLOGSTON, *as Trustee of Emelia New, a Convict,* (EMELIA NEW, *Appellant*) *v.* J. A. SMITH *et al.* (J. A. SMITH, *Appellee*).

No. 16,834.

### SYLLABUS BY THE COURT.

1. FORM OF ACTION—*Setting Aside Deed—Fraud.* An action to recover the possession of a tract of land, the real gravamen of which is to set aside a recorded deed which purports to have been executed by the plaintiff, for the reason that such deed was fraudulently obtained by the grantee, is in form an action in ejectment but in substance is an action for relief on the ground of fraud.

2. EVIDENCE. The evidence requisite to sustain such action is the same as would be required if the facts of the transaction were pleaded instead of. the conclusion authorized by the statute in actions of ejectment.

3. LIMITATION OF ACTIONS—*Fraud.* The limitation of time within which such action may be brought is two years after the discovery of the fraud as provided by section 17 of the code, subject to being tolled as in other cases, and not the fifteen years as provided in section 15 of the code.

1—86 KAN.

4. PETITION—*Demurrer—Grounds—Presumptions*. Where in an action brought by several plaintiffs whose petition alleged several grounds of relief, the defendant demurs to the petition on the ground of misjoinder of causes of action and other grounds, the district court sustains the demurrer without specifying the ground upon which it is sustained, and an appeal is taken to the supreme court from such order and the ruling thereon is sustained on the ground of misjoinder of causes of action, it will be presumed that the district court decided the demurrer upon the same ground.

5. —— *Demurrer—Void Judgment*. If in such case, after sustaining the demurrer and without other pleading, the court enters a judgment in favor of the defendant that he is the owner and entitled to the possession of the property in question, the judgment is based on no allegation of fact in any pleading in the case and is void; it is *coram non judice*.

6. FAILURE—*"Other than on Merits."* The plaintiff, having commenced such action in due time, failed therein "otherwise than on the merits" and was entitled to one year after such failure within which to bring a new action.

7. JUDGMENT—*Conclusiveness*. The rule which determines the conclusiveness of a judgment is that it is conclusive only so far as it determines matters put in issue or admitted in the pleadings.

8. DEMURRER—*Evidence—Province of Court*. In passing upon a demurrer to the evidence of the plaintiff, either in chief or on rebuttal, the evidence should be regarded in the light most favorable to the plaintiff, giving full credibility to the witnesses and disregarding any conflicting evidence. The credibility of the witnesses and the preponderance of the evidence are questions to be submitted to the jury and, until the verdict is rendered, are not for the consideration of the court.

Appeal from Greenwood district court. Opinion filed December 9, 1911. Reversed.

*John Stowell, R. H. Clogston, L. E. Clogston, A. E. Crane, E. D. Woodburn,* and *F. T. Woodburn,* for the appellant.

*James Schultz,* and *T. A. Kramer,* for the appellee.

New v. Smith.

The opinion of the court was delivered by

SMITH, J.: It is conceded in this action that upon the death of her husband, Joseph New, in 1897, Emelia New became the owner of all the land in controversy, she having owned one tract prior thereto. On the 24th day of January, 1898, having been found guilty of murder in the second degree on the charge of killing her husband, she was sentenced to the penitentiary for the term of her natural life. Soon after her incarceration under the sentence, her brother, claiming to be her heir, brought an action to recover the same land. It was held that the sentence did not devolve the title upon her heir or heirs. (*Smith v. Becker,* 62 Kan. 541, 64 Pac. 70.) On the determination of that case, Robert Clogston was appointed and qualified as trustee of the estate of Mrs. New, and on the same day commenced an action, jointly with Mrs. New and the firm of Stowell & Nold, to set aside the transfer from Mrs. New to E. C. Schultz and for the rents of the land. The defendant demurred to the petition on the ground of misjoinder of causes of action and other grounds; the demurrer was sustained, and an appeal was taken to this court. The decision of the lower court was affirmed December 12, 1903. (*New v. Smith,* 68 Kan. 807, 74 Pac. 610.) The present action was commenced by the trustee February 6, 1904, and after an amended petition had been filed therein, the court below sustained a demurrer thereto. An appeal was again taken to this court. In the decision it was held that the trustee was the proper party to maintain the action; that Mrs. New was without capacity to sue but that her appearance as a party should be treated as surplusage and redundant. The judgment was reversed. (*New v. Smith,* 73 Kan. 174, 84 Pac. 1030.)

On November 26, 1907, Governor Hoch granted a full pardon to Mrs. New, restoring her to her full civil

rights, and on the 21st day of January, 1908, the district court made an order reviving the action in her name. While in the title of the action, in the amended petition, the name of Clogston as trustee was continued, the petition was signed only by attorneys for Mrs. New as plaintiff.

The defenses raised by the answer to the amended petition were: (1) That the attempted revivor is null and void; (2) general denial; (3) that the petition is barred by the two-year statute of limitations; (4) that on April 2, 1901, the district court, after sustaining a demurrer to plaintiff's petition in the same action which was decided on appeal to this court (*New v. Smith*, 68 Kan. 807, 74 Pac. 610), rendered judgment that the defendant, J. A. Smith, was the owner and entitled to the possession of the land. The amended reply, upon which the case was tried, consisted of a general denial of the third and fourth defenses.

The jury were impaneled and both parties submitted evidence. At the conclusion of the plaintiff's evidence in rebuttal the defendant demurred to all the evidence given by the plaintiff, for the reason, (1) that such evidence does not show the plaintiff is entitled to a verdict or judgment against the defendant, Smith; (2) that the evidence shows that the defendant is entitled to a verdict and judgment against the plaintiff for costs; (3) that the evidence of plaintiff shows that any interest she ever had in the land had been conveyed to the defendant and, in substance, that there is no evidence to show that such conveyance is not valid and binding on the plaintiff, but, on the other hand, shows defendant is the owner and in possession and entitled to said real estate. The demurrer was sustained and judgment rendered for the defendant. The plaintiff appeals.

It is evident that the bringing of an action by the plaintiff's brother is to be entirely disregarded in the decision of this case. Neither she nor the trustee of

her estate was a party thereto. It is conceded that the plaintiff was disqualified to bring an action while she was in the penitentiary under sentence for a felony and that no action for the recovery of the land could legally be brought until a trustee of her estate was appointed and qualified. Until such time the running of the statute of limitations was tolled notwithstanding any knowledge the plaintiff or Clogston, who became the trustee, may have had of any fraud in the procuring of the deed to the land from her.

On the very day of his appointment the trustee commenced an action to recover the land, and the plaintiffs and others joined with him as plaintiffs in the petition filed, and other relief than the recovery of the land was prayed for therein. A demurrer to the petition, on the ground that there was a misjoinder of causes of action and other grounds, was filed and sustained by the court below, and the plaintiffs brought the action to this court for review. This court sustained the ruling upon the ground of misjoinder. (*New v. Smith,* 68 Kan. 807, 74 Pac. 610.) The record does not disclose upon what ground the district court based its ruling. It is therefore to be presumed that it was on the same ground upon which the decision was affirmed. (*Holderman v. Hood,* 78 Kan. 46, 96 Pac. 71; *Routh v. Finney County,* 84 Kan. 25, 113 Pac. 397.)

As we shall later see, the judgment, purporting to be for the defendant, awarding him the title and right of possession of the land, was void. The plaintiff failed, then, to maintain the action in the district court on an order sustaining a demurrer on the ground that the causes of action set forth in the petition were improperly joined. Such failure is within the meaning of "otherwise than upon the merits" as used in section 22 of the civil code. The trustee commenced that action within due time and failed therein "otherwise than upon the merits." By the provisions of section 22 of

the code he had one year after such failure to commence a new action.

It is contended that, since plaintiffs stood upon their petition for the purpose of appealing, the judgment of the court thereupon rendered, although void so far as it purports to finally determine the merits of the case, must at least be regarded as a valid dismissal of the action, and the action of the trustee then, at least, "failed otherwise than upon the merits"; that he had only one year thereafter to commence a new action, and not one year after the supreme court affirmed the ruling.

It is true that when a final judgment is appealed from, the judgment is only suspended during the appeal and, when affirmed, becomes effective from the time it would have been effective, had the appeal not been taken, for the purpose of maintaining liens, and perhaps generally.

The sustaining of the demurrer and the dismissal of the action are not judgments but are interlocutory orders (Civ. Code, §§ 562, 565), from which an appeal is expressly granted. The appellee's contention would compel a party, who deems himself prejudiced by such an order, to forego his right of appeal, as frequently, perhaps generally, he can not get a hearing thereon in the supreme court and commence a new action within one year. To commence a new action in the same court without an appeal is virtually to submit to what he regards as an illegal order. This is not the intent of the code. Construing sections 22 and 565 of the civil code together, we hold that the trustee had one year from the filing of the decision in the supreme court within which to commence a new action.

He commenced this action within two months after the final decision in that case and it is still properly pending. Much space in the briefs is devoted to the discussion of the question whether the fifteen-year statute of limitations (Civ. Code, § 15, subdiv. 4) pre-

scribed in actions of ejectment, or the two-year statute (Civ. Code, § 17, subdiv. 3) for relief on the ground of fraud, is applicable in this case. In the view we take of the case it is not material, as we think even the two-year limitation had not expired. The action in form is ejectment, but, as was shown by the undisputed evidence, to obtain the relief sought for the plaintiff must show that a deed of record from herself to one Schultz was fraudulently obtained from her. Looking beyond the mere form of the action to the real issue therein, we hold that the action is an action for relief on the ground of fraud and that the two-year limitation applies.

Another contention of the defendant is that the revivor which was had in this action, by which Mrs. New was made a party to the action in lieu of her trustee, was not authorized by law. In this we think the defendant is correct. The action of the trustee did not abate by the restoration of the plaintiff to full rights of citizenship effected by her pardon. Hence, there could be no revivor thereof. The action was commenced by the trustee for her benefit and with the consent of the trustee, upon her pardon, she could have been substituted in his stead as plaintiff, and we know of no reason why he, with her consent, could not have proceeded therein as plaintiff to final judgment. No one else, certainly not the defendant, had any interest in the matter. She was, in fact, substituted as plaintiff in lieu of the trustee, and this was proper. The form is immaterial. For decisions dealing with different facts but involving the same principles of law see *Shattuck v. Wolf,* 72 Kan. 366, 83 Pac. 1093, and *Railway Co. v. Moffatt,* 60 Kan. 113, 55 Pac. 837.

Again, it is contended by the defendant that upon the sustaining of the demurrer to the petition, in the first action commenced by the trustee and others, a judgment was rendered that the defendant was the owner and entitled to the possession of the land in

question, and that the supreme court affirmed that judgment, which became and is *res judicata* as to the issues herein involved. If the district court rendered such judgment, which seems improbable, it was based upon no issue of fact or of law which was submitted for determination. The trustee, in his petition, had asserted his ownership and right to the possession of the land for the plaintiff and the defendant had neither asserted any right thereto in himself nor denied the allegation of the trustee. If the judgment was rendered it was not *res judicata* but was void—it was *coram non judice*. But, it is urged, the judgment was affirmed in the supreme court. (68 Kan. 807.) This court, as the opinion shows, considered only the question raised by the demurrer. If it can be said from the language used in the decision that the supreme court affirmed the judgment as a whole, including the adjudication of the ownership and right of possession of the land, this would give no validity to the void judgment. The so-called judgment was a nullity. The supreme court can not make something out of nothing. In *Gille v. Emmons*, 58 Kan. 118, 48 Pac. 569, it was said:

"A judgment entirely outside the issues in the case and upon a matter not submitted to the court for its determination, is a nullity; and may be vacated and set aside at any time upon motion of the defendant.

"A proceeding in error in which there was an affirmance does not validate the void judgment, nor prevent the trial court from subsequently vacating the same." (Syl. ¶¶ 1, 2.)

(See, also, *Munday v. Vail*, 34 N. J. Law, 418; *St. Lawrence Co. v. Holt & Mathews*, 51 W. Va. 352, 41 S. E. 351; *Reynolds v. Stockton*, 140 U. S. 254.)

The only proper proceeding upon the sustaining of the demurrer was to allow, on request, the filing of an amended petition; or, if the plaintiff elected to stand upon his pleading, to dismiss the action.

It is evident from a reading of the decision, rendered

New v. Smith.

on the review of the case in this court (*New v. Smith,* 68 Kan. 807, 74 Pac. 610), that the attention of the supreme court was not called to the existence of a judgment in favor of the defendant on the merits. It is apparent that the plaintiff in the action, both in the district court and in this court, failed "otherwise than upon the merits," and he had one year from the affirmation to commence a new action.

The defendant, as shown by the evidence, claims title to the land through a deed thereto from the plaintiff to one E. C. Schultz and a quitclaim deed from E. C. Shultz and her husband to the defendant. Hence there need be no further consideration of the chain of title.

On the trial the plaintiff offered evidence of title in herself down to the time when the defendant showed record evidence of a quitclaim deed from the plaintiff to E. C. Schultz. The authorities are numerous and, it is believed, unconflicting that if Schultz acquired no valid title to the land from the plaintiff, the defendant could under the circumstances here presented acquire no valid title through a quitclaim deed from Schultz. In other words, a quitclaim deed conveys only such title as the grantor has and the grantee takes subject to all outstanding equities, liens and titles, if such there be, provided their existence could have been discovered by diligent inquiry. The burden rested upon the plaintiff to show the invalidity of her deed to Schultz, or rather, so far as the ruling on the demurrer is concerned, to produce some evidence tending to show that the deed was invalid. If she had produced such evidence the demurrer should have been overruled.

On the demurrer to the plaintiff's evidence in rebuttal, it was within the province of the court to determine neither the credibility of the witnesses nor the weight of the evidence, if there was any evidence tending to impeach the validity of the deed. The credibility of the witnesses and the weight to be given to

their evidence are questions for the jury to determine and, until their verdict is rendered, are not for the consideration of the court.

The evidence showed that James Schultz was, at the time the deed was executed by her, the attorney for Mrs. New, and obtained the deed from her to his wife as grantee. By the well-recognized rule of law he was bound to exercise the highest degree of fidelity in dealing with her. There is, however, abundant evidence, if true, to indicate that the deed was without consideration and was fraudulently obtained. The demurrer should therefore have been overruled.

The judgment is reversed and the case is remanded with instructions to grant a new trial.