No. 20,358.

EMELIA NEW, and ROBERT H. CLOGSTON, as Trustee of Emelia New, a Convict, *Appellees* and *Appellants*, v. J. A. SMITH, *Appellant* and *Appellee*, and H. M. BROWN.

### SYLLABUS BY THE COURT.

1. EJECTMENT—*Mortgages Paid by Tenant—Offset by Rents and Profits —Statute of Limitations.* When a defendant has wrongfully withheld possession of plaintiff's farm for many years, but who on the broadest principles of equity is allowed a claim for mortgages paid by him, the plaintiff may set up a claim for the reasonable rental value of the farm to meet defendant's claim, and the statute of limitations is no bar to such claim for rents and profits, following section 102 of the civil code.

2. SAME—*Protracted Litigation—Duty of Court of Equity.* When a lawsuit has been in court for fourteen years, during which time it has been appealed to the supreme court five times, it is imperative that some broad general principles of law and equity be rigorously applied, and the litigation brought to a close and final judgment ordered. This rule applied here.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed March 11, 1916. Modified.

*John Stowell,* of Seneca, *R. H. Clogston, L. E. Clogston,* both of Eureka, *A. E. Crane,* of Atchison, *E. D. Woodburn,* and *F. T. Woodburn,* both of Holton, for plaintiff Emelia New *et al.*

*T. A. Kramer,* of El Dorado, for defendant J. A. Smith.

The opinion of the court was delivered by

DAWSON, J.: This is the fifth time this case has been before this court. (*New v. Smith,* 68 Kan. 807, 74 Pac. 610; 73 Kan. 174, 84 Pac. 1030; 86 Kan. 1, 119 Pac. 380; 94 Kan. 6, 145 Pac. 880.) It would serve no good purpose to restate the

details of the litigation. The curious and the studious may refer to its earlier chapters in the reports of this court.

It is chiefly a lawsuit for the recovery of a farm. When the case arose, the plaintiff was a prisoner in the penitentiary for the murder of her husband. Her life sentence was commuted by Governor Leedy, and some years ago she received a pardon from Governor Hoch.

This lawsuit has become a public nuisance, and it must be concluded. The last time it was here the court, in the hope of terminating this controversy, suggested how it might be done. It was held that although the plaintiff was entitled to the recovery of her farm, the defendant had an equitable claim for mortgages paid by him, and that if there was a claim for rents and profits, pleadings pertaining thereto might be filed, the amount ascertained and the litigation closed.

When the case was remanded to the district court, a so-called supplemental petition was filed, claiming rents and profits for the years 1898 to 1910 inclusive—another and separate action having theretofore been filed for the rents for the years 1911, 1912 and 1913—and asking for an accounting; and if an accounting could not be had, that she be awarded the reasonable value of the rents, and that so much thereof as necessary be applied to the satisfaction of the mortgages paid by defendant, and for further equitable relief, etc.

To this a technical demurrer was filed, as if the broad principles of equity had nothing to do with the case—those very principles which had been applied by this court most generously in defendant's behalf to refund to him the amount of the mortgages paid off, notwithstanding he was a trespasser *ab initio,* having acquired possession of Mrs. New's farm in January, 1898, from one who had defrauded her of it, with defendant's constructive or actual notice of the fraud, as has been heretofore adjudicated. The demurrer set up a denial of jurisdiction, another action pending, no cause of action, and improper joinder. The demurrer was overruled. Defendant then answered, setting up the action pending for the rents for the years 1911-1913; that the instant cause had not accrued within two years, nor within three years, nor within five years, nor within fifteen years; that he had paid off a mortgage on one quarter section for $325 in December, 1898, and another mortgage on the same quarter section for $682.37 in

March, 1907; and that he paid off still another mortgage on an additional eighty acres of the farm for $444.70 in March, 1907; that he had expended certain sums for the maintenance and improvement of the property; that he had paid the taxes for 1898 and succeeding years, and that he did not know what rents had been collected and could not make an accounting thereof.

The court found that the fair and reasonable rental value of the farm was $325 per annum, being $200 for the quarter section and $125 for the additional eighty acres.

Findings of fact and conclusions of law were made by the trial court, but too extended for repetition here. Both parties appeal, with long assignments of errors.

The most practical way to deal with these matters is to consider very briefly what has already been determined in this case.

In the first appeal, decided in 1903, the pleadings were in question, and while they were held to be defective, the petition attempted to state a cause of action in ejectment, a cause of action for relief on the ground of fraud and for the rents and profits then accrued. The action had been begun on April 2, 1901. This data is gleaned from the files of this court.

In the second appeal, decided in 1906, the petition was again the subject of criticism, but it continued to urge a cause of action in ejectment and for rents and profits.

In the third appeal, decided in 1911, the petition still recited a cause of action in ejectment, but claimed nothing for rents and profits unless that be assumed from the prayer for "all other proper relief." But among the many defenses set up in the answer, filed January 21, 1908, nothing was mentioned concerning the mortgages paid by defendant. That defense, or equitable claim, had not yet been raised, although one of the mortgages had been paid in 1898, nearly ten years before, and the other two had been paid about ten months before the answer was filed. This court held that while the action sounded in ejectment, it was in essence an action for relief on the ground of fraud.

In the fourth appeal, decided in 1915, the petition was substantially the same as in the third appeal, and the answer was simply a general denial except as to an admission of defend-

ant's possession of the premises. While this was all that was technically necessary to raise every possible defense, it is worthy of note that defendant's claim for mortgages paid by him was first raised in the oral statement of his counsel at the trial in May, 1913, over twelve years after this lawsuit was begun! This court modified the judgment of the district court, affirming plaintiff's judgment for the recovery of her farm, but granting to defendant an equitable claim, somewhat akin to that of a mortgagee in possession, for the payment of the mortgages by him during the years when he wrongfully held the plaintiff's property.

The district court found that the reasonable rents of the quarter section far exceeded the mortgages and taxes paid thereon by defendant, and allowed them to be set off against each other, and no further. (Civ. Code, § 102.) For no very logical reason apparent to us, a somewhat different consideration was given to the status of the additional eighty acres. Perhaps this was on the ground that although the eighty acres was an integral part of the farm and that although the defendant had wrongfully held the possession thereof for all these years, he acquired a colorable right in equity to hold the eighty acres in March, 1907, by paying off the mortgage on it, which altered his situation as a trespasser—his status for the preceding nine years. It was apparently on this theory that by the trial court's mathematical computations, which we will not analyze, a balance of $70.59 was still due to defendant before plaintiff would be let into possession of the eighty acres. Apparently no consideration, or allowance, was accorded to plaintiff for the reasonable rental use of the eighty acres for the first nine years of defendant's wrongful possession.

It ought to be apparent that defendant's contentions as to the statute of limitations have no place in this lawsuit. In the early years of the litigation, the plaintiff's petitions, however crude and in need of the amendments made from time to time, persisted in a claim for rents and profits. True, the specific claim therefor was dropped as the years went by and as the case went from court to court; but it should be borne in mind that the lawsuit was a dozen years old before she was called upon to meet defendant's claim for mortgages paid. And in fairness and equity it must be borne in mind also that the rea-

sonable rents and profits of the farm, always equitably due to plaintiff, were invariably equal to and aggregated more than enough to meet the mortgages, taxes, repairs and improvements made by defendant. So it is not a very unreasonable contention made by plaintiff's counsel when they urge that all of defendant's expenditures were made with moneys equitably belonging to plaintiff.

When the plaintiff recovered judgment in the district court for the possession of the farm in May, 1913, she very naturally filed a new action for the rents and profits for the three preceding years, on the assumption that she was barred by the statute of limitations from claiming rents for the thirteen earlier years. But this court held that she must reimburse the defendant for the mortgages paid by him. This equitably entitled her to claim rents and profits for all the years she was dispossessed. The code says:

"When cross-demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim or set-off could have been set up, neither can be deprived of the benefit thereof by the assignment or death of the other or by reason of the statute of limitations; but the two demands must be deemed compensated so far as they equal each other." (Civ. Code, §102.)

She should, of course, have dismissed the separate action for the rents for the years 1911, 1912 and 1913, and amended her petition, setting up all the rents due her. And yet that would have availed her but little, seeing that the rents which she did claim from 1898 to 1910 were more than sufficient to compensate defendant for the mortgages, interest, taxes and farm expenses, and she was not permitted to recover the surplus. This, of course, was according to law, for the bar of the three years' statute on the recovery of rents and profits (Civ. Code, § 17, subdiv. 2; *Gatton v. Tolley,* 22 Kan. 678) would only be taken down in her favor to meet the defendant's cross-demands so far as they equaled each other. (Civ. Code, § 102.) It does follow, however, that since her claim for the rents of 1911, 1912 and 1913 could have been presented and adjudicated here, and if adjudicated here it would have only served as a set-off to the mortgages, and, as we have seen, the mortgages were sufficiently met by the rents which she did set up, and because this cause, covering this general matter, has pro-

ceeded to judgment, the claim for the rents for the years 1911, 1912 and 1913 may be deemed to be abandoned. We recognize that what we say touching this last proposition is not squarely before the court; but it was pleaded; it was recognized by the court in its findings, and we are urged to say what we think about it; and owing to the extraordinary duration of this litigation, and still persisting in the hope of concluding this controversy, as expressed by Mr. Justice West in the last appeal, we suggest that the case touching the rents and profits for the years 1911, 1912 and 1913 be dismissed.

Some criticism is made touching the apportionment of the costs in the district court. The court exercised its best judgment, and we do not see any serious occasion or any very tangible basis for our interference. The costs of this appeal will be divided and the judgment modified by setting aside the finding that $70.59 is still due defendant on the mortgage covering the eighty acres paid in 1907, with instructions to find that it has likewise been met and satisfied by the rents which he has been permitted to keep; and thus modified, the judgment is affirmed.