No. 38,145

Zenas Z. Henrie, D. I. Henrie, Chalmer E. Mayhew, *Appellants,* v. Cora Henrie True; V. Ruth Workman; Hattie Henrie Cox; B. Edna Williams; George N. Henrie; Alta G. Henrie; W. J. Bryan Henrie; Ira H. Mayhew; Ethel Mayhew Seefeld; Lizzie Mayhew; Clarence J. Mayhew; Raymond D. Mayhew; Vera Mayhew Burkholder; Eva Mayhew Finnesy; Genevieve Mayhew Rachell; Leslie H. Mayhew; Nellie Mayhew; Clinton M. Mayhew; Rachel Mayhew Franklin; Karl Williams and Quetona Williams, his wife; Eleanor Richardson and Donald Richardson, her husband; Thelma Conway and Lloyd Conway, her husband, *Appellees.*

(229 P. 2d 744)

Opinion filed April 7, 1951.

*D. A. Hindman,* of Stockton, argued the cause, and *Stanley Krysl,* of Stockton, was with him on the briefs for the appellants and cross appellees.

*Robert Osborn,* of Stockton, argued the cause, and *W. L. Sayers,* of Hill City, was with him on the briefs for the appellees and cross appellants.

The opinion of the court was delivered by

Harvey, C. J.: This was an action for the partition of a described quarter section of land in Rooks county. The petition, filed August 6, 1949, alleged the postoffice addresses of plaintiffs and that the described land is owned in fee simple by certain named parties to the action as tenants in common in the proportions set opposite their names, listing the names of twenty-two persons and the fractional share owned by each of them; that the tenants in common are in possession of the property, and the same is subject to partition among them; that plaintiffs desire the property be partitioned among the tenants in common, if that can be done without mani-

fest injury to them, otherwise that the land be appraised and taken on election or sold, as provided by law; that the plaintiff, Zenas Z. Henrie, had been collecting rents from the land as agent for the owners and has on hand several hundred dollars and will pay all rents into court at the time of trial or as directed by the court.

It was further alleged that three of the parties named in the list of tenants in common had executed and delivered purported conveyances in the oil, gas and mineral rights. The dates of these instruments, the respective grantors and grantees, and the book and page where each of them is recorded, are set out. The grantees of these instruments were made parties defendant in the action. The parties to these instruments are spoken of in the record as defendant grantors and defendant grantees, and they are the only parties who made any defense in the action. It was alleged in the petition that each of those conveyances is void for indefiniteness and uncertainty and for the reason that they are in violation of the rule against perpetuities; that each of them was made without consideration and for the purpose of the grantors obtaining an unfair and inequitable advantage over other tenants in common, and that the grantees hold the interest, if any, conveyed in trust for the grantors; that if any interest was conveyed it was at a time when the parties were tenants in common with other parties to the action and would constitute an inequitable and unfair hardship or burden on the title of ownership of the property and should be cancelled; that if for any reason the court finds the grantees own any interest by virtue of the conveyances then, nevertheless, the whole of the property should be partitioned or sold and the rights adjudged as between such grantors and grantees. The prayer of the petition, among other things, asked the court to decree the purported conveyances of mineral interests to be null and void, and cancelling them of record, or decreeing that the grantees hold the interest conveyed, if any, in trust for the grantors, and that the same be disregarded so far as the tenants in common are concerned, and that the rights be adjudged as between grantors and grantees.

The defendant grantors moved that the plaintiffs be required to set out copies of the purported conveyances and to state more specifically the facts upon which allegations of their validity were made. This motion was sustained to the extent that it required the setting out of copies of the conveyances.

Plaintiffs filed an amended petition substantially the same as the

original, but attaching thereto copies of the three mineral conveyances.

Thereafter the defendant grantors and the defendant grantees moved to strike from the amended petition the paragraphs in which it was alleged that each of the conveyances is void because of indefiniteness and uncertainty; and for the reason that they are in violation of the rule against perpetuities; that they were made without consideration and for the purpose of grantors obtaining an unfair and inequitable advantage of the other tenants in common, and the grantees hold their interest, if any, in trust for the grantors; that in any event if any interest was conveyed it was at a time when the parties were tenants in common with other parties to the action and would constitute an inequitable and unfair hardship or burden on the title and should be cancelled by the court; that if the court determines the grantees own any interest by virtue of the conveyances, nevertheless the whole of the property should be partitioned or sold and the rights adjudged as between the grantors and grantees. The reasons stated in the motion for having those paragraphs stricken were that they constitute conclusions of fact and of law, do not constitute a cause of action in favor of plaintiffs and against defendants, and that several causes of action are improperly joined.

On December 16, 1949, this motion to strike came on for hearing. Whereupon plaintiffs requested permission to amend the petition instanter by filing a new amended petition. The court considered and sustained the motion to strike and granted plaintiffs' request to be permitted to file an amended petition instanter and gave the contesting defendants twenty days within which to plead.

In the second amended petition plaintiffs alleged their post-office addresses, described the land in question, alleged it "is owned in fee simple by the following named parties to this action, as tenants in common, in the proportion or amounts set opposite their names, to-wit" (listing the names of twenty-two persons) and stating the fractional share each of them was alleged to own in the property. This list does not include the names of the persons who are referred to as grantee defendants. It alleged the tenants in common were in possession of the property and that the same is subject to partition; that plaintiffs desire the property to be partitioned among the tenants in common, if the same can be done without manifest injury to them, otherwise to be appraised and taken on election or sold, as provided by law; that the plaintiff Zenas Z. Henrie has been col-

lecting the rents from the property as agent of the other owners and will make a report and pay the rents into court. No specific mention is made of the three mineral conveyances, nor is there any allegation that they are invalid for any reason. It is alleged:

"That the other parties to this action claim some interest in and to the above described property adverse to the title and ownership of said tenants in common, the exact nature of which is unknown to plaintiffs; that said claims are null and void, and without foundation in law or equity, and exist as a cloud upon the title and ownership of said tenants in common."

The prayer was for judgment and a decree that the property is owned by the "above named tenants in common in the proportions or amounts set opposite their names above; that all other parties to this action be required to set up whatever claims they make to said property and that the same be decreed null and void; forever quieting the title to said tenants in common as against all other defendants herein, and all parties claiming under them, or either of them, forever barring and enjoining all other defendants herein and all persons claiming under them, or either of them, from claiming any right, title or interest in and to said property adverse to the title and ownership of said tenants in common"; decreeing the property to be subject to partition, etc., as is common in partition actions.

The grantor defendants filed an answer in which they admitted they were each the owner of an undivided interest in the real property described in the petition, "subject to certain mineral conveyances now of record as follows," referring to each of the mineral deeds, copies of which were attached to the answer, being the same as were attached to the amended petition. The answer alleged that the grantees in the respective mineral deeds are tenants in common with each other and with the plaintiffs and other defendants, "insofar as the mineral interests in and to said real property decribed in plaintiffs' petition is concerned. That two causes of action are pled in plaintiffs' petition which do not affect all of the parties to this action and that there is a misjoinder of causes of action"; that the plaintiffs' petition does not state a cause of action against them; that plaintiffs have not alleged any equitable grounds for partition of the mineral interests; that partition at this time would be unfair and unjust to answering defendants; that the real property is now leased for development, and a copy of the lease was attached to the answer and made a part of it by reference; that it would be to the best interests of all parties to have the property

explored for oil and gas, and that for the purpose of protecting the interests of all parties to prevent waste and to properly manage and control such property a receiver should be appointed by the court to manage, operate, lease and control the real property and divide the income among the parties entitled thereto. The prayer was that plaintiffs take nothing by their petition and that the court appoint a receiver for the purposes alleged in the answer.

The grantee defendants filed an answer in which they alleged that they are the owners of certain mineral interests in and to the real property under mineral conveyances now of record, alleging the mineral deeds and setting up copies thereof, and that by virtue of the mineral conveyances they are tenants in common with plaintiffs and other defendants insofar as mineral interests in or to the real estate are concerned; that they have no interest in the fee title to the surface of the real estate. They further alleged that plaintiffs have pleaded two causes of action in their petition which do not affect all the parties to this action; that there is a misjoinder of causes of action; that plaintiff's petition does not state a cause of action against them; that plaintiffs have not alleged any equitable grounds for partition of the mineral interests, and that such partition at this time would be unfair and unjust to them; that the real property is now leased for development, and a copy of the lease is attached; that it would be to the best interests of all parties to have the property explored for oil and gas and for the purpose of protecting the interests of all parties and to prevent waste, and to properly manage and control the property a receiver should be appointed for that purpose. The prayer was that plaintiffs take nothing under their petition and that the court appoint a receiver for the purposes alleged.

Plaintiffs filed a verified reply to each of these answers which contained a general denial of all allegations inconsistent with those of the petition and of allegations of new matter therein contained.

On February 13, 1950, when the case was called, the answering defendants joined in a motion, which was filed, in which they asked the court "for the entry of judgment in their favor for the reason that the petition and reply of plaintiffs raises no issue of fact for trial and fails to state any defense to answer and prayer for affirmative relief set forth in the answer of answering defendants in this, to-wit:

'That there is a misjoinder of cause of action which does not affect all of the parties to this action.

'Plaintiffs' petition and reply do not state the cause of action against answering defendants.

'Plaintiffs' petition and reply do not allege equitable grounds for partition of mineral interests.

'Answering defendants are entitled to the appointment of a receiver to manage and operate the subject matter of this suit.' "

This motion was overruled. The trial proceeded, with the result that the court found who were the owners of the surface rights and their respective shares and decreed partition thereof; also found the owners of the mineral rights and their respective shares and refused partition thereof. The plaintiffs appealed from the refusal of the court to partition the mineral rights. The contesting defendants cross appealed from the order of the court overruling their motion for judgment.

Since it arose in the progress of the case we first give our attention to the cross appeal. With respect to that we think it clear that the petition of plaintiffs contained two or more causes of action which could not be joined under our statute (G. S. 1949, 60-601), which reads:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have been heretofore denominated legal or equitable, or both. But the causes of action so united must affect all the parties to the action, except in actions to enforce mortgages or other liens."

It is clear that the allegations of the petition by which plaintiffs sought to set aside the three mineral conveyances did not affect the parties to the action who were not grantors or grantees therein. Indeed, each of the conveyances affected only the parties thereto. That fact was specifically called to the attention of the court by the motion for judgment, and prior to that time had been pleaded by the answering defendants. We cite but a few of our many cases on this point: *Harrod v. Farrar,* 68 Kan. 153, 74 Pac. 624; *New v. Smith,* 68 Kan. 807, 74 Pac. 610; *Griffith v. Griffith,* 71 Kan. 547, 81 Pac. 178; *Dunn v. Mortgage Co.,* 113 Kan. 169, 213 Pac. 655; *Osborne v. Kington,* 148 Kan. 314, 80 P. 2d 1063; *Cole v. Thacker,* 158 Kan. 242, 146 P. 2d 665; *Bankers Investment Co. v. Central States Fire Ins. Co.,* 164 Kan. 682, 192 P. 2d 214, citing earlier cases.)

The result is that the judgment of the trial court must be reversed with directions to sustain the motion for judgment upon the ground that two or more causes of action were improperly joined.

It is so ordered.