## CAMPBELL v. DICK et al.

No. 6475—Opinion Filed Nov. 26, 1918.

(176 Pac. 520.)

(Syllabus.)

1. Fraudulent Deed—Inadequate Consideration—Mental Incapacity—Evidence.

Evidence examined, and found to support the findings and conclusions of the trial court that the conveyance involved was obtained through fraud and for a grossly inadequate consideration, and that the grantor was at the time mentally incapacitated to execute such conveyance.

2. Evidence—Mental Capacity of Grantor—Opinion Evidence.

In a suit to cancel a deed on the ground of mental incapacity of the grantor, nonexpert witnesses acquainted with the grantor, and who have had sufficient opportunity to inform themselves of her mental condition, having stated the facts which they observed and upon which they base their opinion, may express an opinion as to her competency to execute the conveyance.

3. Limitation of Actions—Recovery of Real Property—Incidental Relief.

In an action by plaintiffs for the recovery of real property in the possession of defendant, plaintiffs asked for the cancellation of a deed thereto made by their ancestor and for other relief. Defendant interposed the 1, 2, 3, and 5 year statute of limitations in

bar of plaintiffs' right of recovery. Held, that the primary purpose of the action was the recovery of the possession of the land; the other grounds of relief being but incidental thereto. Held further, that the 15-year statute of limitations, as found in the fourth subdivision of section 4655, Rev. Laws 1910, fix the period within which such action may be brought.

**4. Ejectment—Recovery of Rents.**

In an action for the recovery of real property and for other relief incidental thereto, in which plaintiffs seek to recover judgment for rents for five years next preceding and including the year in which the action is commenced, the wrongful occupation of the premises having been determined, the period of limitation for the recovery of the usable value is fixed by section 2873, Rev. Laws, at not exceeding six years next preceding the commencement of the action.

Error from District Court, Craig County; Preston S. Davis, Judge.

On rehearing. Affirmed (superseding opinion in 172 Pac. 783, and in 157 Pac. 1062.)

W. H. Kornegay, for plaintiff in error.

C. Caldwell, for defendants in error.

SHARP, C. J. On October 17, 1913, plaintiffs Annie Dick and others, heirs at law of Mary Carpenter, a deceased full-blood Shawnee Indian, instituted their action against the defendant Campbell in the district court of Craig county to recover the possession of the west ½ of the southeast ¼ of section 36, township 25 north, range 18 east, being land allotted to one Mary Bread, and inherited by Mary Carpenter on the death of the allottee. The action was brought, not only for the recovery of the possession of the lands, but for the cancellation of a deed thereto purporting to have been made and executed by Mary Carpenter to defendant Campbell July 27, 1908, and to quiet title thereto in plaintiffs, and for the rents arising therefrom during the years 1909, 1910, 1911, 1912, and 1913, and for costs. The petition charged mental incapacity of the grantor to execute a deed; fraud in its procurement; that the deed was not approved by the county court of Craig county in the manner required for the approval of deeds by full-blood Indian heirs; that the only consideration paid was $50 while the value of the land at the time was $1,200. The answer put in issue the averments of the petition, charged that the consideration paid was "greater than $60, and was in all respects fair." For a further answer, the defendant pleaded the statute of limitations of 1, 2, 3, and 5 years.

At the conclusion of the trial, the court found that the plaintiffs were the sole heirs of Mary Carpenter, deceased; that the latter had inherited the land in controversy from Mary Bread, deceased; that both Mary Bread and Mary Carpenter were full-blood Shawnee Indians; that the land was of the value of $1,200 at the time of the purported purchase thereof by defendant; that at the time the deed was executed Campbell paid Mary Carpenter $75, which was the entire consideration paid therefor, though there was evidence of previous transactions concerning the land prior to July 27, 1908. The court further found that the consideration of $75 was grossly inadequate; that Mary Carpenter at the time "was an aged woman, probably being something over 100 years of age, and was not mentally capacitated to make this deed at the time she attempted to make it"; that the deed was void, because not approved as required by section 9 of the act of Congress approved May 27, 1908 (35 Stat. 313, c. 199). In applying the law of limitations, the court found against the defendant, and held that the action, being one for the recovery of real property, was controlled by the 15-year statute of limitations, and not the statutes interposed by the defendant.

The defendant, Campbell, who it appears was present at the taking of the deed and in court when the trial was entered upon, did not testify as a witness. We have read the evidence, and, upon the issues of mental incapacity and fraud in the procurement of the deed, are of the opinion that the findings of the trial court are supported by the great weight of the evidence. Indeed, the transaction may properly be branded as unconscionable. Not only was the grantor a full-blood Indian, unable to read or write or understand the English language and a centenarian, but at the time was sick in bed and under medical attention. She was hard of hearing and almost blind, and there was evidence to show that she had to be cared for as a child. It is unnecessary to further comment on this branch of the case, as the evidence adduced in support both of the issue of fraud and mental incapacity is clear and convincing.

Upon the legal issue of limitations, we have already noted that the primary purpose of the action was to recover possession of the land, the legal title to which purported to be in the defendant. While it is true that the plaintiffs also asked to have the deed of July 27, 1908, canceled and the title

thereto quieted in plaintiffs, that relief was incidental to the main action, which was to recover the lands. The mere fact that the plaintiffs charged that the deed was fraudulently procured, and the grantor therein incapacitated at the time to make a valid conveyance, none the less made the action one for the recovery of the possession of the premises. The applicable statute, therefore, is not section 4657, Rev. Laws 1910, relied upon by plaintiff in error, but section 4655, which prescribes the limitations in actions for the recovery of real property, or for the determination of any adverse rights or interest therein. Section 4657, by its terms, includes several classes of actions "other than for the recovery of real property." Section 4656 provides for tolling the statute in actions for the recovery of real property, while section 4658 provides a different period of limitation for tolling the statute in actions other than for the recovery of real property except for a penalty or forfeiture. As the case at bar does not come within the first, second, or third subdivision of section 4655, and not being an action for the forcible entry and forcible detention or forcible detention only of real property, it must fall within the fourth subdivision of the section, which provides that an action for the recovery of real property, not included within the first three subdivisions of the article, must be brought within 15 years after the cause of action shall have accrued. These views find support in Reihl v. Likowski, 33 Kan. 515, 6 Pac. 886, and Delashmutt v. Parrent et al., 39 Kan. 548, 18 Pac. 712. The authorities generally support the rule announced, as may be seen from an examination of the following cases: Murphy v. Crowley. 140 Cal. 141, 73 Pac. 820; Shepard v. Cunninghams' Heirs. 44 Tex. 502; Williams v. Allison, 33 Iowa, 278; Dunn v. Miller, 96 Mo. 338, 9 S. W. 640; Names v. Names, 48 Neb. 701, 67 N. W. 751.

The reason for applying the statute of limitations for the recovery of real property. and not the statute applicable in an action for the relief on the grounds of fraud, is well stated in Vanduyn v. Hepner et al., 45 Ind. 589. where it was observed by Mr. Chief Justice Worden in the course of the opinion:

"In very many actions to recover the possession of real estate, the plaintiff's right to recover depends upon the question whether some deed, under which the defendant claims, is fraudulent and void. The statute provides. that actions 'for relief against frauds' shall be brought within six years. This provision applies to actions the immediate and primary object of which is to be relieved from frauds, and not to actions to recover possession of real estate, though, in order to avoid the defendant's defense, fraud may have to be shown. The latter class of actions cannot be said to be actions for relief against frauds. They are simply actions for the recovery of real estate, and the defense set up under a fraudulent conveyance may be avoided by showing the fraud. If the provision alluded to applied to actions to recover real estate, we should have two periods of limitation for such actions: 6 years where the defendant claimed under a fraudulent conveyance, and 20 where he claimed under one free from fraud."

We are not unmindful that the rule announced in the foregoing Kansas cases appears to be in conflict with the opinion of that court in New et al. v. Smith, 86 Kan. 1, 119 Pac. 380, and 97 Kan. 580, 155 Pac. 1080. While we are unable to harmonize the opinion of the Kansas court in the latter case with the earlier opinions (to which no reference is made in the latter opinion), we are inclined to the view, for the reasons already stated, that the earlier opinions announce the correct rule. It seems, too, that our own court, in Webb et al. v. Logan, 48 Okla. 354, 150 Pac. 116, was inclined to the view, on the authority of New v. Smith, supra, that in such circumstances the gist of the action was to set aside the deed on account of fraud, and must therefore be brought within two years after discovery of the fraud. In so far as that case announces a rule in conflict with the instant case, it is disapproved. The statutes of limitation should not be so construed or applied as to require the bringing of an action for the recovery of real property in an action predicated upon fraud within a shorter period of time than in the ordinary proceedings for such recovery. In Oakland v. Carpentier, 12 Cal. 540-542, the suit was in equity to set aside certain leases on the ground of fraud in procuring the same and for possession. The court, referring to the statute of limitations with respect to actions for relief on the ground of fraud, said:

"We think that this provision has no relation to an equitable proceeding to set aside a fraudulent deed of real estate, when the effect of it is to restore the possession of the premises in the defrauded party. In such a case, the action is substantially an action for the recovery of the real estate: indeed it is literally. * * * This is really an action for the recovery of real estate. and the plaintiff is no worse off because the fraud has been committed upon him, nor the defendant in any better situation, than if the latter had innocently bought and enter-

ed under an imperfect title."

The action being in the main for the recovery of real property, we must look to the statute of limitations applicable to such actions, and not to another or different statute, which, by its terms, does not include such actions.

While fraud entered into the transaction, indeed was the basis of the right to recover the land, the action within the meaning of the statute was one for the recovery of real property, and not an action for relief on the ground of fraud such as is contemplated by the third subdivision of section 4657.

The action having been tried October 17, 1913, the court did not err in rendering judgment for rents for the years 1909, 1910, 1911, 1912, and 1913. During the years indicated the lands had been wrongfully occupied by Campbell. His liability for the usable value thereof is fixed by section 2873, Rev. Laws; Oklahoma City v. Hill, 6 Okla. 114, 50 Pac. 242; Drennan v. Harris, 67 Okla. 313, 161 Pac. 781. As the recovery on account of rents is within the statute, the judgment in that respect will not be disturbed.

It is urged that the court erred in permitting the witnesses Ben Carpenter, Frank Daugherty, Daisy Daugherty, and Annie Dick to testify that the grantor, Mary Bread, did not know and understand the nature and effect of the making of a deed to her land. This, it is argued, was the real issue that was submitted for trial in the case, and therefore it was not proper to ask the opinion of the witnesses on the issue to be tried. An examination of the record discloses that each of the witnesses had previously testified as to his personal knowledge of the mental and physical condition of Mary Carpenter on July 27, 1908, and prior thereto. From such testimony it appears that the witnesses were fully informed, though nonexperts, of the condition, both mental and physical, of the grantor. Indeed, their relations and associations with her were both close and intimate, and their knowledge of her condition was acquired as a result of such acquaintanceship. In such circumstances the court did not err in permitting the witnesses to testify as they did. A quite similar question was before the court in Conwill v. Eldridge, 35 Okla. 537, 130 Pac. 912, where it was held that nonexpert witnesses who testify that they have observed the conduct of a person whose sanity was in question, and gave in evidence the facts which they had observed and upon which their opinions

were based, could give their opinions as to the sanity of such person. In Farmers' & Merchants' Bank v. Haile, 46 Okla. 636, 149 Pac. 214, it was contended, as here, that the trial court erred in permitting nonexpert witnesses to express their opinions as to the plaintiff's mental capacity to transact business, without having previously detailed the particular phenomina upon which such opinions were formed. All of the witnesses testifying were neighbors, who for many years had lived near the plaintiff; one having lived in the house with him for more than a year, and all having frequently seen and conversed with him at their homes, and in his own, and at various other places. It was held that opinion evidence of such witnesses was competent. The rule is in consonance with right and justice and has the support of innumerable decisions, many of which may be found collected in Atkins v. State, 119 Tenn. 458, 105 S. W. 353, 13 L. R. A. (N. S.) 1031.

The conclusions reached upon the issue of mental incapacity and fraud in the procurement of the deed render unnecessary a determination of the question of whether the deed was approved as provided by section 9 of the act of Congress of May 27, 1908.

The judgment of the trial court is affirmed.

All the Justices concur.