Sumner TAYLOR, As Administrator of the Estate of Richard Martin Taylor, Deceased, Sumner Taylor, Otho Taylor, Ivan Taylor, Loyd Taylor, Emma Bell Gray, Jackie Taylor and Carla Mae Moore, Plaintiffs in Error,

v.

Ethel McKosky CLARK, Floyd M. Clark, William Harold McKosky, Velva Taylor and Emma Jo Oliphant, Defendants in Error.

No. 39907.

Supreme Court of Oklahoma.
March 19, 1963.

ceased. The defendants in error, Velva Taylor and Ethel McKosky Clark and Floyd M. Clark, William Harold McKosky, and Emma Jo Oliphant are the deceased's only other surviving son, and a daughter and her husband, son and daughter. They will hereinafter be referred to by name or as "defendants".

The action involved both real and personal property that had belonged to the deceased.

Among other pleadings, the defendants each filed separate "general" demurrers to plaintiffs' Second Amended And Supplemental Petition, on the following grounds:

"1. That the second amended and supplemental petition filed herein by the plaintiffs shows upon its face that each and *all* of the purported causes of action alleged therein are barred by the statutes of limitation of the State of Oklahoma.

"2. That said second amended and supplemental petition does not state facts sufficient to constitute a cause of action in favor of the plaintiffs or either of them and against this defendant." (Emphasis ours.)

Upon hearing said demurrers, the trial court sustained them, and, upon plaintiffs' refusal to plead further and election to stand upon said amended petition, the court dismissed the action and entered judgment in favor of the defendants. Plaintiffs have lodged the present appeal upon original record, from said judgment.

As in their brief, defendants have again moved to dismiss this appeal on the same grounds as another such motion, which they previously filed and this court denied, we will rule upon it before dealing with arguments on the merits. Those grounds are:

(1) that plaintiffs' initial brief does not comply with this court's Rule 15, in that their Second Amended And Sup-

J. Harold Land, Oklahoma City, for plaintiffs in error.

A. G. Windham, Poteau, for defendants in error.

BLACKBIRD, Chief Justice.

Plaintiffs in error, hereinafter referred to as plaintiffs, are four of the living sons, and the three surviving children of a fifth son, of one Richard Martin Taylor, de-

plemental Petition was not copied verbatim therein;

(2) that the certificate of the Court Clerk on the original record did not sufficiently show that it was full, true and correct.

As defendants' brief fails to point out wherein plaintiffs' brief is incorrect, or incomplete, in portraying the allegations of the subject pleading, and their brief purports to contain no abstract of the record correcting any claimed inaccuracies or supplying any claimed record omissions in plaintiffs' brief, as provided in the Rule they seek to invoke against plaintiffs, no good cause is shown for disturbing our previous order herein on account of plaintiffs' asserted non-compliance with Rule 15, supra. The only cases defendants cite to support their contention concerning the clerk's certificate dealt with certificates as to transcripts before our statutes provided for the comparatively new method of appeal by original record (Chap. 15b, S.L. 1955, pp. 136–138; Tit. 12 O.S.1961 § 956 et seq.) and the only methods of appeal then were by transcript or by case-made, or by both. Under the cited more recent law, the matter involved here is "* * * subject to the orders of * * *" this court. Sec. 956.3, Tit. 12, supra.

As the merits of the trial court's judgment are submitted to us on the hypothesis—and it appears to be tacitly agreed—that the trial court's sustaining of defendants' demurrers was upon the sole ground that the action was barred by expiration of the two-year limitation period prescribed by Tit. 12 O.S.1951 § 95 (subdivision) Third, as amended (see same Title and section in O.S.1957, Supp.) for actions "* * * for relief on the ground of fraud * * *", we will not assume that said ruling was based, instead, upon the hereinbefore-quoted second ground set forth in said demurrers. Accordingly, we will consider only the one issue upon which the appeal is submitted to this court.

The LeFlore County real estate whose title plaintiffs seek by this action to have vested and quieted in Richard M. Taylor's heirs generally, consists of a 10–acre tract in Section 7, and a 40–acre tract in Section 20, both in Township 3 North, Range 22 East, and a town lot in Talihina, Oklahoma. Involved in the relief prayed for by plaintiffs, was the cancellation of deeds covering each of said tracts allegedly executed by the deceased. As plaintiffs' pleading does not specifically identify the particular person or persons named as grantee or grantees in any deed covering the 10–acre tract, that parcel will be disregarded.

The deceased's two separate deeds to the town lot and to the 40–acre tract were allegedly executed by him on February 28, 1955.

The town lot deed apparently named the defendant, William Harold McKosky as grantee, while the 40–acre deed named the defendant, Floyd M. Clark, as grantee.

According to the allegations of plaintiffs' aforementioned pleading, the latter deed was surreptitiously obtained from the deceased, and filed of record on March 15, 1955, while the deed describing the town lot was taken out of his lock box after his death (November 25, 1955) and filed of record on December 2, 1955.

Plaintiffs' aforesaid pleading further alleged, in substance, that the defendant, Floyd M. Clark, purportedly placed title to the 40–acre tract in the name of his stepdaughter, the defendant, Emma Jo Oliphant, by a deed he executed, describing it, on September 10, 1955, which deed was filed of record three days later on September 13, 1955.

The defendant, Floyd M. Clark, was personally served with summons in this action on November 28, 1958.

His purported grantee, Emma Jo Oliphant, was personally served on August 25, 1960.

These defendants' separate motions to quash the summons for them were finally overruled on January 6, 1961, by the same court order in which the publication notice

issued for William Harold McKosky was quashed.

On January 26, 1961, plaintiffs made a new effort to obtain service by publication on this latter defendant by commencing publication of a second, or alias, notice by publication. Defendant McKosky filed a motion to quash this attempted service on March 13, 1961, and thereafter on September 8, 1961, the date of the rulings on demurrers and the judgment of dismissal herein appealed from, the trial court, by separate order, overruled McKosky's said motion to quash.

Plaintiffs' theory that the trial court erred in holding that the action was barred, before it was commenced, by expiration of the two-year period of limitation is based principally on the theory that the 15-year period, instead of that period, applies to the action. They quote extensively from Campbell v. Dick, Okl., 172 P. 783 (affirmed on rehearing), 71 Okl. 186, 176 P. 520, and Etenburn v. Neary, 77 Okl. 69, 186 P. 457, to support the view that this action is in the category referred to in Tit. 12 O.S. 1951 § 93(4), as: "An action for the recovery of real property not hereinbefore provided for * * *". On the other hand, defendants contend that this is "* * * an action for relief on the ground of fraud— * * *" for which sec. 95 (subdiv.) Third of the same Title, supra, provides a limitation period of two years. Plaintiffs counter this contention with the argument that even if they are adjudged to have a cause of action for "* * * relief on the ground of fraud * * *", it appears from their Second Amended And Supplemental Petition, that such fraud was not discovered by them until within two years immediately preceding their commencement of the action.

██ We find it unnecessary to resolve the issue above described. Assuming, without deciding (since the trial court did not), that plaintiffs' Second Amended And Supplemental Petition stated any cause of action, some of its allegations make it appear that plaintiffs' claim of the invalidity of the aforementioned deeds is based, partially at least, on allegations that they lacked, and/or failed of, consideration. It has been held—and we think correctly so—that, if any limitation period can be used to defeat an equitable action to cancel deeds for failure of consideration, it is the five-year period prescribed by sec. 95 (subdiv.) Sixth of Title 12, supra, and that neither the two, three, or fifteen-year periods apply. See Pepper v. Truitt (U.S.C.A. 10th Cir.) 158 F.2d 246, followed in Lawson v. Haynes (U.S.C.A. 10th Cir.) 170 F.2d 741. This court has aften held that if any cause of action stated in a pleading is not vulnerable to the charge upon which it is attacked by general demurrer, the demurrer should be overruled. See Wallace v. Williams, Okl., 313 P.2d 784, and Zebold v. Hurst, 65 Okl. 248, 166 P. 99, L.R.A.1917F, 579. Therefore, since plaintiffs' alleged cause or causes of action, if any, appears to have arisen, partly at least, out of the alleged fact that no valid consideration was ever paid for the deeds sought to be cancelled, and the five-year limitation period is the one, if any, applicable to such a cause, the trial court erred in sustaining general demurrers to plaintiffs' second amended and supplemental petition and dismissing the action at least as to the defendants, Floyd M. Clark and Emma Jo Oliphant, both of whom became parties to this action by personal service within five years of the execution, presumed delivery, and filing of record of the deeds in which they were grantees.

Whether or not the trial court erred in holding that the action was barred, and dismissing it for that reason as to the defendant William Harold McKosky must depend upon whether the action may be considered "commenced" as to him—before the five-year limitation period expired in 1960—a question we do not here decide since the trial court apparently has not ruled squarely upon it.

What we have herein determined is sufficient to demonstrate that the trial court erred in its judgment dismissing the action on the theory that it was barred (en toto)

by the two-year statutory period of limitation. Said judgment is therefore reversed, and this cause is remanded to said court, with directions to vacate, or set aside, said judgment, and to proceed in a manner not inconsistent with the views expressed herein. Additionally, it should be stated that this opinion is not to be considered determinative on any issue except the trial court's claimed error in dismissing the action as being barred by the two-year period of limitations.