Dr. Loren V. BAKER and Hazell B. Baker, his wife, Petitioners,

v.

Viola T. MASSEY, Executrix of the Estate of J. P. Thurmond, Deceased, Respondent.

No. 50592.

Supreme Court of Oklahoma.

Sept. 27, 1977.

Jones & Jones, Cordell, for petitioners.

James F. Davis, Lynn O. Holloman, Andrews, Mosburg, Davis, Elam, Legg & Bixler, Inc., Oklahoma City, for respondent.

DOOLIN, Justice.

We will refer to the parties under the trial court designations plaintiff (respondent), executrix of the estate of J. P. Thurmond representing the estate and heirs and the defendants (petitioners) as grantees under the deed or deeds in question.

Pursuant to Rule 1.52, 12 O.S.1971, Ch. 15, App. 2, a petition for certiorari is presented for the purpose of reviewing a certified interlocutory order overruling demurrers to the petition in the District Court of Custer County, Oklahoma.

The trial judge prepared and filed a statement under Rule 1.52(a) which was approved by the parties litigant and no other record under Rule 1.54 is necessary. As we view the issue presented, it is: Which statute of limitation shall apply under the pleadings,[1] (a) 12 O.S.1971, 95 third (fraud, two years limitation); (b) § 95 sixth,

---

1. The petition in pertinent part alleged:

*1. Plaintiff is the duly appointed, qualified and acting executrix of the estate of J. P. Thurmond, deceased, letters testamentary having been issued to her on April 8, 1976, by the District Court of Beckham County, Oklahoma, in Cause No. P–76–30. Said plaintiff was appointed as such executrix on the same date pursuant to and under the terms and provisions of the last will and testament of J. P. Thur-*

*mond, who died on March 11, 1976, at the age of 90 years. Pursuant to plaintiff's duties and responsibilities as the executrix of the estate to marshal the assets of the estate of said deceased, plaintiff brings this equitable action for cancellation of the deeds hereinafter described.*

*2. Defendant Loren V. Baker is a physician who resides in Elk City, Beckham County, Oklahoma, and defendant Hazell B. Baker is his wife. At all times relevant to this action, Loren*

(relief, not herein before provided, five years); or (c) 12 O.S.1971, 93 § 4 (recovery of real property not hereinbefore provided, 15 years)?

V. Baker was and acted as the personal physician and provided medical care to J. P. Thurmond.

3. At all times relevant to this action, a confidential and fiduciary relationship of physician and patient existed between the defendant Loren V. Baker and said J. P. Thurmond.

4. At all times relevant to this action, the aforesaid Dr. Baker acted for and as the agent of Hazell B. Baker, his wife.

5. For many years, prior to May 12, 1971, said J. P. Thurmond was the owner of more than 5,000 acres of ranch land, including minerals, located in Custer and Roger Mills Counties of the State of Oklahoma, which land is hereinafter referred to as the "5,000 acre ranch".

6. The said J. P. Thurmond was married to Sallie Taylor Thurmond until her unexpected death on May 8, 1971. No children were born of the marriage. For approximately 35 years prior to 1971, Dr. Baker had been the family physician for both Mr. and Mrs. Thurmond. Due to the sudden and unexpected circumstances of his wife's death, Mr. Thurmond became emotionally upset and experienced a deep personal fear regarding his own health, primarily due to the fact that his wife was at the time of her death younger than him (sic) and supposedly in good health. Furthermore, her untimely passing reinforced Mr. Thurmond's obsession with and general fear of personally ending up in a rest home for the aged, thinking that he would have no one to care for him in his old age. At the time of his wife's death, Mr. Thurmond was 85 years of age.

7. Upon the advice of Dr. Baker, J. P. Thurmond was neither allowed to attend his wife's funeral or to attend the family gathering which occurred immediately following the funeral. From the date of his wife's death and for a period of time thereafter, Mr. Thurmond was and remained under the constant care and influence of the aforesaid Dr. Baker. Reposing utmost confidence in Dr. Baker, Mr. Thurmond became utterly dependent upon said defendant for both physical and emotional needs. It was during this period of time that Dr. Baker took advantage of his confidential and fiduciary relationship with his patient and enticed and persuaded Mr. Thurmond to convey by warranty deeds the aforesaid 5,000 acre ranch to Dr. Baker and his spouse. At the time of said conveyances, on May 12, 1971, two days after the funeral of Mrs. Thurmond, J. P. Thurmond sought no independent advice and was under the undue influence and persuasion of Dr. Baker.

8. Under the terms of the aforesaid warranty deeds, the 5,000 acre ranch was conveyed to Loren V. Baker and Hazell B. Baker, his wife, in equal shares, with Mr. Thurmond reserving

The petition prayed for judgment cancelling deeds, quieting title in the plaintiff for the use and benefits of the heirs of decedent, an accounting, exemplary damages, only a life estate in the above described real estate. A warranty deed covering the Custer County property owned by Mr. Thurmond was dated May 12, 1971, and was recorded on the same date at Book 260, Page 258 of the Records in the Office of the County Clerk of Custer County, Oklahoma. A warranty deed covering the Roger Mills County property owned by Mr. Thurmond was also dated May 12, 1971, and was recorded on the same date at Book 121, Page 559 of the Records in the Office of the County Clerk of Roger Mills County, Oklahoma. Said deeds are incorporated by reference herein as if fully set forth.

11. Plaintiff further alleges that there was a complete failure of consideration for the conveyance of the heretofore described property. Said property was conveyed as a result of Dr. Baker's promises and representations that he would care for Mr. Thurmond for the rest of his life and that he would take Mr. Thurmond into his own home rather than allowing him to be admitted to a nursing home. Dr. Baker breached his oral promise of life long care outside of the rest home in that Mr. Thurmond was first placed in an Elk City hospital as a domiciliary patient by Dr. Baker for more than one year and upon dismissal from said hospital was then placed in a rest home where he remained for the last six months of his life. Dr. Baker never provided the care promised to Mr. Thurmond by him as an inducement for the aforesaid conveyances.

12. Plaintiff further alleges that even if the aforesaid care had been furnished by Dr. Baker as agreed, that the same was grossly inadequate, unconscionable, and unfair as legal consideration for the reason that the value of the real estate hereinabove described, at the time of the aforesaid purported conveyances, had a value substantially in excess of $500,000.00 grossly disproportionate to the promise of lifetime care made by Dr. Baker.

13. Plaintiff further alleges that Dr. Baker took advantage of his confidential relationship with J. P. Thurmond, who reposed utmost confidence in his physician of many years, in order to obtain an unfair advantage and position of dominance over Mr. Thurmond and thereby procured his signatures to the aforesaid deeds allowing the defendants herein to obtain their ownership of the real estate described herein through the undue influence of the defendants and in violation of their confidential relationships with J. P. Thurmond.

14. From and after the death of Mr. Thurmond on March 11, 1976, the aforesaid defendants have been in possession of and received the income and benefits from the property purportedly conveyed to them as heretofore de-

costs including a reasonable attorney fee for the executrix's attorneys and other equitable relief.

Defendants filed their answer, denying generally all material allegations, and alleging the petition sounded in fraud and was subject to the two year statute of limitations of 12 O.S.1971, 95 third. Defendants further denied their actions were reprehensible, oppressive and malicious, or an abuse of the confidential relationship between the defendant doctor and the deceased. They also sought attorney's fees from the plaintiff for defense of the suit.[2]

The trial court overruled defendant's demurrer and certified the question of the applicable statute of limitations to us. We granted certiorari having been asked to do so by both parties.

Fraud, at common law, like most if not all wrongs did not survive the death of its victim; but 12 O.S.1971 § 1051 specifically states: " * * * causes of action * * * for * * * fraud shall * * * survive." Examination of the petition[3] and conclusion to be drawn therefrom indicates the deeds in question were executed, delivered and recorded on May 12, 1971. Plaintiff filed her cause of action May 10, 1976, more than two years after the recording of the deeds but less than five years after May 12, 1971. Thus, if the two year statute § 95 third (fraud) is strictly applied, the limitation had run, but not the five year limitation of § 95 sixth (relief not hereinbefore provided for).

To be considered also is that portion of § 95 third which states: " * * * the cause of action in such case (fraud) shall not be deemed to have accrued until the discovery of the fraud". (Parenthetical word supplied).

Defendants argue the entire thrust of plaintiff's petition is based on fraud and that the allegations of undue influence and failure of consideration are, in final analysis, but a species of fraud. They suggest that it is not necessary to use the word 'fraud' in order to plead fraud.[4] We agree with this latter conclusion and also that fraud may be the basis of, and the rationale of certain actions to rescind or cancel deeds, but we disagree with such broad application of this rule to the facts of this case. We deal with undue influence and failure of consideration later. We think it worthwhile to note, in *Warner v. Coleman*, 107 Okl. 292 (1924), 231 P. 1053, 1057 in considering subdivision three of 4657 R.L.1910 (presently 12 O.S.1971, 95 third) that the two year statute may be applicable to *fraud* cases:

> "This is a general provision of the statute, and is alike applicable to transactions and conveyances involving real estate, as well as other kinds of property. The plaintiffs not having pleaded a cause of action, the gravamen of which was at law, for the recovery of real property as defined above, but only for the determination of an adverse interest growing out of a deed which the plaintiffs seek to rescind on the ground of fraud, this provision of the statutes governs their right to maintain the suit, and limits it to two years after such discovery of fraud, of which complaint is made."

---

scribed. Said defendants should be ordered by the court to account to the plaintiff for all income and profits created by said property from and after the death of J. P. Thurmond and should be ordered to pay said income and profits to the plaintiff as executrix of the last will and testament of J. P. Thurmond, deceased.

15. Plaintiff further alleges that the actions and conduct of the defendant Loren V. Baker was reprehensible, oppressive and malicious and an abuse of his confidential relationship and duties as a doctor to his patient and the plaintiff is therefore entitled to punitive and exemplary damages against said defendant for the sake of example and by way of punishment of said defendant.

2. Under Rule 1.50 interlocutory certiorari will not be granted from an order overruling a Motion for Summary Judgment, but may be granted from an order overruling a demurrer, etc. The amended statement under Rule 1.52(a) indicates appeal is taken from the order overruling the demurrer.

3. See footnote 1, supra.

4. *Lone Star Gas Co. v. Oakman*, 283 P.2d 810 (Okl.1955).

Rational persons may disagree as to whether fraud has been alleged in this case and the well written briefs by both plaintiff and defendant are but evidence of such opinions and disagreements. But the result is the same, the statute of limitations § 95 third has run on *elementary fraud*, that is to say, an action possessed of the elements of fraud.

We have held in *In the Matter of Woodward*, 549 P.2d 1207, 1209 (Okl.1976):

"Where means of discovering fraud are in hands of party defrauded and defrauding party has not covered up his fraud to extent it would be difficult or impossible to discover, party defrauded will be deemed to have had notice of fraud from date means of discovering such fraud came into his hands and fraud will be deemed to have been discovered upon that date."

■ *Woodward* indicates the means of discovering the fraud came into the hands of the defendants therein (who occupy similar position as the plaintiff herein), when the deed creating an estate in the plaintiff was filed of record. We thus conclude in suits based on fraud, the statute of limitations, § 95 third begins to run from the time of discovery of the fraud or from such time as the victim by the exercise of ordinary diligence might have discovered same.[5]

■ We hold that the trial court improperly denied that portion of the defendant's demurrer based on elementary fraud. The time specified in § 95 third had run on fraud and exemplary damages. Not only was the plaintiff's case not filed until almost five years after the recording of the critical deeds but the decedent himself had taken no action against the defendants from the date of filing the deeds, May 10, 1971, until his death March 11, 1976, far longer than the two year limitation of § 95 third.[6]

■ As to the defendant's argument that undue influence and failure of consideration are in reality merely a part and parcel or a species of fraud, we would disagree.

We held in *Taylor v. Clark*, 380 P.2d 250, 253 (Okl.1963):

"It has been held—and we think correctly so—that, if any limitation period can be used to defeat an equitable action to cancel deeds for failure of consideration, it is the five year period prescribed by § 95 (subdiv.) sixth of Title 12, supra, and that neither the two, three, or fifteen-year periods apply. See *Pepper v. Truitt* (U.S.C.A. 10th Cir.) 158 F.2d 246, followed in *Lawson v. Haynes* (U.S.C.A. 10th Cir.) 170 F.2d 741. . . . Therefore, since plaintiffs' alleged cause or causes of action, if any, appears to have arisen, partly at least, out of the alleged fact that no valid consideration was ever paid for the deeds sought to be cancelled, and the five-year limitation period is the one, if any, applicable to such a cause."

See *Crumley v. Smith*, 397 P.2d 119 (Okl. 1964).

Specifically at paragraph 11 of plaintiff's petition and impliedly in other parts thereof, the plaintiff alleges an unperformed contract to provide the decedent with lifetime care. Plaintiff further alleges that under the contract defendant exerted undue influence upon deceased (paragraph 13), that there was inadequate or complete failure of consideration for the contract (paragraph 12) and a breach of the confidential relationship existing between a doctor and his patient.[7]

15 O.S.1971 § 61 defines undue influence as "(1) * * * the use, by one in whom a confidence is reposed by another, or who holds a real or apparent authority over him, of such confidence or authority for the pur-

---

5. *American National Bank of Enid v. Crews*, 191 Okl. 53, 126 P.2d 733 (1942).

6. In *Martie v. Martie*, 271 P.2d 385 (Okl.1954) we held that the statute of limitations on fraud (§ 95 third) of two years had run against the

grantee and that decedents' sons or heirs could not base their suit to declare a trust in their behalf on fraud in obtaining the deeds, since the deeds had been of record for ten years.

7. Footnote 1, supra.

pose of obtaining an unfair advantage over him (i. e. breach of a confidential relationship); (2) In taking an unfair advantage of another's weakness of mind; or, (3) In taking a grossly oppressive and unfair advantage of another's necessities or distress." (Parenthetical definition supplied). The statutes themselves thus authorize a separate cause of action based on undue influence.

Likewise, failure of consideration in whole or in part is grounds for rescission [8] and plaintiff seeks this type of relief in addition to others.

To quote *Pepper v. Truitt, supra,* p. 250: "(This) * * * is an equitable action for cancellation of the deed and possession of property, based upon failure of consideration. The oral contract is surely evidence of the consideration and its alleged breach is proof of its failure."

We hold that under the circumstances of this case, the five year statute, 12 O.S.1971 § 95 sixth, applies and we sustain that part of the trial court order overruling the demurrer.[9]

At the time we granted certiorari, we instructed the parties to brief whether any other statute of limitations would apply to the factual situation outlined by the pleadings, and the conclusions drawn therefrom. We have been referred to *Ward v. Lindly* 294 P.2d 296 (Okl.1955) and *In the Matter of Woodward, supra.* In these recent cases this court held the applicable statute of limitations is 12 O.S.1971 § 93(4), fifteen years, at least when mental capacity is the issue.[10]

We hold that the limitation period to be applied in actions to rescind on grounds of undue influence and failure of consideration is five years.[11]

■ We caution that all such actions as dealt with here, are *equitable* in nature and *equity* knows no strict application of limitations but will uphold relief by analogy to the statute of limitations relating to actions at law of like character.[12]

Order overruling demurrer reversed in part and sustained in part; cause remanded to trial court.

HODGES, C. J., and DAVISON, WILLIAMS, BARNES and SIMMS, JJ., concur.

8. 15 O.S.1971 233 Recission. A party to a contract may rescind in the following cases only:
  1. If the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party.
  2. If through the fault of the party as to whom he rescinds, the consideration for his obligation fails in whole or in part.

9. We are not unmindful of 12 O.S.1971 § 95, two which prescribes a statute of limitation of three years for actions on contracts not in writing which might be applied to actions such as this, particularly with reference to 15 O.S. 1971 233(1) & (2), footnote 8, supra. Not only is this approach to our problem not suggested by either party to this suit but it is contra to the holdings of *Taylor v. Clark,* supra; *Crumley v. Smith,* supra; *Pepper v. Truitt,* supra. We are convinced that in an equitable action such as the instant one, equity demands the longer limitations of five years; see footnote 11 infra. As it was held in *Moss v. Moss,* 20 Cal.2d 640, 128 P.2d 526 (1942), a statute of limitation applying the limitation not otherwise provided for applies, "to all suits in *equity* not strictly of

concurrent cognizance in law and equity." See also 51 Am.Jur.2d Limitation of Actions § 83 and 13 Am.Jur.2d Cancellation of Instruments § 44.

10. See also *Channell v. Jones,* 184 Okl. 644, 89 P.2d 769 (1939) to the same effect. Cf. *Campbell v. Dick,* 71 Okl. 186, 176 P. 520 (1918) which *Warner v. Coleman,* supra, may have impliedly overruled and *Dillon v. Helm,* 196 Okl. 140, 163 P.2d 539 (1945). The 10th United States Circuit Court of Appeals in *Pepper v. Truitt,* supra, speaking through the late Judge Murrah is of the opinion that *Dillon* and *Warner* have repudiated the fifteen year limitations doctrine of *Campbell.*

11. We refuse at this time on these briefs to consider the application of 12 O.S.1971 93(4) to the facts of this case but we limit such application of the last mentioned statute to cases concerning mental capacity only.

12. *Pepper v. Truitt,* supra; *Wilhelm v. Pfinning,* 191 Okl. 321, 129 P.2d 580 (1942); *Neff v. Calk,* 198 Okl. 379, 178 P.2d 624 (1947) and *Hutchman v. Parkinson,* 199 Okl. 494, 187 P.2d 999 (1947).

LAVENDER, V. C. J., and IRWIN and BERRY, JJ., concur in part and dissent in part.